IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
205TH JUDICIAL DISTRICT

| | | |
|---|---|---|
| ANNUNCIATION HOUSE, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 2024DCV0616 |
| KEN PAXTON, in his official capacity as Texas Attorney General, and JENNIFER COBOS, in her official capacity as Director of Regional Operations & Strategy for the Office of the Attorney General, | § § § § § § § | |
| Defendants. | § | |

# ORDER GRANTING
# PLAINTIFF ANNUNCIATION HOUSE, INC.'S
# TRADITIONAL AND NO-EVIDENCE MOTION FOR FINAL SUMMARY JUDGMENT

Plaintiff Annunciation House, Inc. ("Annunciation House") filed its traditional and no-evidence motion for final summary judgment on May 24, 2024. In its motion, Annunciation House identifies three issues for relief:

1. Summary judgment declaring all reasons why the administrative subpoena that Defendant Texas Attorney General Ken Paxton served on Annunciation House is void and unenforceable;

2. Summary judgment declaring what procedures comprise the pre-compliance review that the Fourth Amendment requires for administrative subpoenas; and

3. Injunctive relief making the Court's declaratory judgments effective.

For the reasons set forth below, the Court grants Annunciation House the relief requested in its Traditional and No-Evidence Motion for Summary Judgment.

1

1. <u>Defendant Texas Attorney General Ken Paxton's administrative subpoena violates the Fourth Amendment of the United States Constitution and is void and unenforceable.</u>

In *City of Los Angeles v. Patel*, 576 U.S. 409, 413 (2015), the United States Supreme Court held a Los Angeles ordinance facially unconstitutional because it required hotel guests' records to "be made available to any officer of the Los Angeles Police Department for inspection" on demand. The Supreme Court went on to hold that "absent an opportunity for precompliance review, the ordinance creates an intolerable risk that searches authorized by it will exceed statutory limits, or be used as a pretext to harass hotel operators and their guests." *Id.* at 421.

The Supreme Court's concern that the absence of an opportunity for precompliance review creates "an intolerable risk" that searches like these will be used as a pretext to harass guests and operators of such lodgings has come to bear.

The record before this Court makes clear that the Texas Attorney General's use of the request to examine documents from Annunciation House was a pretext to justify its harassment of Annunciation House employees and the persons seeking refuge. This Court previously expressed its concern that the Attorney General did not identify what laws he believed were being violated from the outset. *See Order* of March 10, 2024, ¶ 1. In fact, the record before the Court now establishes that the Attorney General was seeking evidence of alleged criminal activity all along. This is outrageous and intolerable.[1]

---

[1] In its Proposed Petition and Counterclaim in the Nature of Quo Warranto, the Attorney General alleges a litany of criminal violations – 8 U.S.C. § 1325(a) (Improper Entry by Alien); Tex. Penal Code § 20.05(a)(2) (Kidnapping, Unlawful Restraint, and Smuggling of Persons); Tex. Penal Code § 20.07(a) (Operation of Stash House); Tex. Penal Code § 37.10 (Tampering with Government Record); and Tex. Penal Code § 38.05 (Hindering Apprehension or Prosecution). *See* Prop. Pet. & Counterlcaim, ¶¶ 15-19. However, based on the facts alleged by the Attorney General and the sources cited in support of his allegations, none of these charges can be sustained or survive legal scrutiny. This is further evidence of the Attorney General's abuse of the administrative subpoena process.

The Texas Attorney General's disregard for the constitutional rights of Annunciation House employees and its guests vindicates the Supreme Court's concerns over statutes that fail to provide a process for precompliance review. For these reasons, the Court finds Sections 12.151 and 12.152 of the Texas Business Organizations Code to be facially unconstitutional.

Additionally, the Attorney General's actions in its use of the request to examine and his predetermined efforts to close down Annunciation House are substantially motivated by his retaliation against Annunciation House's exercise of its First Amendment right to expressive association, as proscribed by *Boy Scouts of America v. Dalte*, 530 U.S. 640, 648 (2000) and *Keenan v. Tejeda*, 20 F.3d 252, 259 (5th Cir. 2002).

Finally, the Attorney General's request to examine is an adverse action, in part, against Annunciation House's support for the Catholic Church, which is disallowed by TEX. GOV'T CODE § 2400.002 as described in *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 389-90 (Tex. 2022).

    2.    <u>Defendant Texas Attorney General Ken Paxton's failure to allow Annunciation House, Inc. an opportunity to seek precompliance review renders its administrative subpoena void</u>.

As discussed above, the Supreme Court in *City of Los Angeles v. Patel* unequivocally established a requirement for precompliance review of administrative subpoenas like the request to examine at issue in this case. Nevertheless, having established that TEX. BUS. ORGS. CODE 121.151 and 12.152 are facially unconstitutional, the Attorney General could have provided Annunciation House the required precompliance review that would have allowed it to investigate any alleged violations of law. Instead, the Attorney General chose to harass a human rights organization with impunity and with disregard to his duty to faithfully uphold the laws of Texas and the United States.

As the top law enforcement officer of the State of Texas, the Attorney General has a duty to uphold all laws, not just selectively interpret or misuse those that can be manipulated to advance his own personal beliefs or political agenda.

3. <u>Annunciation House, Inc. is entitled to declaratory relief protecting it from Defendant Texas Attorney General Paxton's harassment and overreaching</u>.

As discussed, *supra*, Annunciation House has met its burden for injunctive relief. First, the Attorney General's wrongful acts against Annunciation House have no adequate remedy at law because of the Constitutional rights implicated. Second, the Attorney General's conduct in harassing and pursuing predetermined outcomes, without regard to the rights of Annunciation House's employees and guests is imminent, ongoing and irreparable.

**IT IS THEREFORE ORDERED, ADJUDGED and DECREED** that Annunciation House, Inc's Traditional and No-Evidence Motion for Summary Judgment be **GRANTED** in its entirety.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that Annunciation House, Inc. is entitled to the following **INJUNCTIVE RELIEF**:

1. Any future administrative subpoenas served by the Texas Attorney General on Annunciation House, Inc. must be filed in this litigation;
2. The Court will retain jurisdiction and conduct precompliance review that Annunciation House, Inc. may seek as to any new subpoena; and
3. This injunction expires two (2) years after the date of this order, which may be shortened or lengthened upon a showing of good cause.

SO ORDERED on July 1, 2024.

                                        **Judge Francisco X. Dominguez**
                                        205th District Judge