UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **LAS AMERICAS IMMIGRANT ADVOCACY CENTER**, <br><br> *Plaintiff,* <br><br> v. <br><br> **KEN PAXTON**, in his official capacity as Attorney General of Texas, <br><br> *Defendant*. | Case No.: EP-24-CV-00352-DCG |

# RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS (ECF NO. 18)

## **TABLE OF CONTENTS**

Page

I. BACKGROUND ................................................................................................................. 2

II. ARGUMENT ...................................................................................................................... 4

    A. Las Americas appropriately utilized the safe harbor provision, while Defendant chose to violate it. .......................................................................... 5

    B. Defendant's grounds related to alleged factual misrepresentations are baseless. ................................................................................................................. 6

        1. Las Americas' representations regarding the ongoing effect of the CID on its operations were accurate and supported. ....................... 7

        2. Las Americas' representations regarding their press appearances were accurate and supported. ................................................ 8

        3. Las Americas' representations regarding the ongoing threats to organizational health were accurate and supported. .............................................................................................................. 9

    C. Las Americas disclosed and distinguished *Google v. Hood*, which Defendant blatantly ignores. ................................................................................ 10

    D. Defendant has not established sanctions are warranted. ..................................... 11

III. CONCLUSION ................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barrett-Bowie v. Select Portfolio Servicing, Inc.*,
  631 F. App'x 219 (5th Cir. 2015) ...........................................................................................5

*Cadle Co. v. Pratt*,
  524 F.3d 580 (5th Cir. 2008) .................................................................................................6

*Canal Ins. Co. v. Coleman*,
  625 F.3d 244 (5th Cir. 2010) .................................................................................................5

*Elliott v. Tilton*,
  64 F.3d 213 (5th Cir. 1995) ...................................................................................................5

*Google v. Hood*,
  822 F.3d 212 (5th Cir. 2016) .......................................................................................3, 5, 10

*Hudnall v. Texas*,
  2022 WL 2906506 (W.D. Tex. July 21, 2022) ..................................................................4, 11

*Jolt Initiative, Inc. v. Paxton*,
  1:24-cv-01089, ECF No. 20 (W.D. Tex. Oct. 11, 2024) .......................................................11

*Knick v. Township of Scott*,
  588 U.S. 180 (2019)..............................................................................................................11

*Ryser v. McConnell*,
  2020 WL 10055658 (W.D. Tex. 2020)...............................................................................5, 11

*Syneron Medical Ltd. v. Viora Ltd.*,
  2014 WL 7140643 (E.D. Tex. Dec. 12, 2024)........................................................................4

*Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*,
  46 F.4th 374 (5th Cir. 2022) ..................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 11 ............................................................................................................... *passim*

Fed. R. Civ. P. 11(b) ........................................................................................................... *passim*

Fed. R. Civ. P. 11(b)(3)................................................................................................................6

Fed. R. Civ. P. 11(c) ................................................................................................................3, 4

Fed. R. Civ. P. 11(c)(2)..................................................................................................2, 4, 6

Notice of Court, *Ken Paxton and the State of Tex. v. FIEL Houston, Inc.*, 127th
    Judicial Dist. (Oct. 14, 2024) (No. 2024-43394) ........................................................1

U.S. const. amend. I................................................................................................................10

On November 4, 2024, Defendant Ken Paxton filed an unwarranted Motion for Sanctions against Plaintiff Las Americas Immigrant Advocacy Center. This Motion is now burdening both the Court and Las Americas with the necessity of addressing a motion that represents a litigation tactic Defendant has begun to employ in this and other litigation challenging his political attacks on organizations similar to Las Americas.[1]

Las Americas did not violate any of the Rule 11(b) provisions in the filings Defendant complained about in the motion served on October 11, 2024. Nevertheless, in an effort to eliminate the need for the Court to deal with any motion, Las Americas availed itself of the safe harbor time period, as Rule 11 anticipates. During the safe harbor timeframe, Las Americas addressed Defendant's complaints based on Defendant's selective, incomplete citations and deliberate misapprehension of other factual issues.

Las Americas completed its efforts to address this needless Motion in its Status Report and its Amended Complaint during the 21-day safe harbor period. Instead of acknowledging these filings, Defendant moved forward with filing an identical motion for sanctions, thus showing its Motion for Sanctions was neither initially served nor ultimately filed in good faith. Furthermore, Defendant violated the safe harbor period by previewing the Motion in its filings and ignoring Las Americas' curative measures by filing the as-served Motion.[2]

---

[1] Defendant filed a similarly unfounded and harassing sanctions motion against FIEL Houston, Inc., another immigrants' rights organization, with the Texas Fourteenth Court of Appeals after its counsel raised colorable jurisdictional objections regarding the transfer of that case to the new state Fifteenth Court of Appeals. The Fourteenth Court of Appeals summarily denied these sanctions prior to allowing the case to be transferred to the Fifteenth. *See Ken Paxton, et. al. v. FIEL Houston, Inc.* (Tex. App.—Houston [14th Dist.] Oct. 14, 2024) (No. 14-24-00671-CV).

[2] Las Americas acknowledges Fifth Circuit precedent requires a motion served under the safe harbor provision of Rule 11 and a filed motion be identical. *Uptown Grill, L.L.C. v. Camellia Grill Holdings, Inc.*, 46 F.4th 374, 389 (5th Cir. 2022). However, this does not excuse failing to reconsider filing a demonstrably unfounded and moot motion.

1

## I. BACKGROUND

Las Americas acknowledges the Court's previous awareness of the facts detailed in the verified Amended Complaint and Status Report.[3] Las Americas incorporates those facts by reference here but also reiterates portions of the factual background below to address Defendant's inaccuracies and to provide material context Defendant ignores in his Motion.

Defendant continues to rely on the pretextual reports of fraud within the CHNV program to support not only issuing the CID, but also to support filing this Motion.[4] As reiterated in the operative Amended Complaint, and contrary to Defendant's inaccurate assumption "that Las Americas distributes substantial information related to the CHNV program," Las Americas does not assist individuals with applying for the CHNV parole program and does not focus its "Know Your Rights" presentations on the CHNV parole program. Las Americas has only answered incidental questions about the CHNV program during previously unfettered Q&A sessions following those presentations.[5]

On Friday, October 11, 2024, Defendant served a Motion for Sanctions on Las Americas' counsel by email attachment, less than four days before, and amid preparation for, the Status Report update from Las Americas requested by the Court.[6] Pursuant to Rule 11(c)(2), Las Americas' deadline to withdraw or correct the subject matter of the sanctions motion was November 1, 2024.

---

[3] ECF No. 11 ("Status Report"); ECF No. 16 ("Am. Compl.").

[4] Am. Compl. ¶ 40, 61; ECF No. 18, at 5–7, 10–11.

[5] *Compare* ECF No. 18, at 7, *with* Am. Compl. ¶¶ 9–10, 13, 47–49.

[6] Ex. 1.

Las Americas availed itself of the safe harbor provisions and addressed Defendant's accusations in the served motion not once, but twice: first in the Status Report, and subsequently in the Amended Complaint.

In the Status Report filed on October 15, 2024, Las Americas addressed Defendant's unfounded Rule 11 accusations and provided clarifying details to address matters in the Court's Status Report order, including citing and distinguishing *Google v. Hood*. Defendant filed a non-substantive response to the Status Report on October 22, 2024, using the filing as a mere vehicle to attempt to poison the well by alerting the Court to the future filing of a sanctions motion. The response stated: "Pursuant to Rule 11(c), the Office of the Attorney General intends to file a motion regarding those statements on October 31, 2024."[7] Also, on October 22, 2024, Defendant filed the same non-substantive response to Las Americas' Motion for Clarification.[8]

On October 30, 2024, Las Americas filed an Amended Complaint which addressed the changed circumstances occasioned by the denial of the Temporary Restraining Order and other factual matters. In this Amended Complaint, Las Americas also cited and distinguished *Google v. Hood*. Las Americas filed both the Status Report and Amended Complaint prior to the expiration of the safe harbor period.

On October 31, 2024, Defendant filed an Advisory to the Court. Notably, that advisory included: "In light of Plaintiff's filing of its First Amended Verified Complaint for Declaratory and Injunctive Relief (ECF 16) yesterday, Defendant is evaluating that document before proceeding further."[9] Despite this representation to the Court, Defendant ignored the Amended Complaint and Status Report and instead chose to file the identical Motion served on October 11, 2024.

---

[7] ECF No. 12.
[8] ECF No. 13.
[9] ECF No. 17.

## II. ARGUMENT

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> 
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> 
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> 
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> 
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[10]

Moreover, Federal Rule of Civil Procedure 11(c) makes clear that when a party initiates a request for sanctions, "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."[11] This 21-day period is often called the "safe harbor period." To prevail on a motion for sanctions, the movant must "overcome the presumption that the pleadings are filed in good faith."[12] This is a high burden to overcome, and the Defendant has failed to meet it here.[13] Thus, this Court should deny the Motion for Sanctions.

---

[10] Fed. R. Civ. P. 11(b).

[11] Fed. R. Civ. P. 11(c)(2).

[12] *Hudnall v. Texas*, 2022 WL 2906506, at *3 (W.D. Tex. July 21, 2022) (citing *Ryser v. McConnell*, 2020 WL 10055658, at *2 (W.D. Tex. 2020)).

[13] *See Syneron Medical Ltd. v. Viora Ltd.*, 2014 WL 7140643, at *5 (E.D. Tex. Dec. 12, 2024) ("The threshold for a Rule 11 Sanctions motion is high, as well it should be.").

### A. Las Americas appropriately utilized the safe harbor provision, while Defendant chose to violate it.

Within the safe harbor period, Las Americas twice addressed or otherwise withdrew the matters which were the subject of Defendant's unfounded complaints and that allegedly violated Rule 11(b). To be clear, Las Americas disagrees that Defendant's complaints and attacks presented legitimate grounds for a motion under Rule 11(b), but nevertheless chose to address the matters about which Defendant complained to avoid the need for the Court to deal with any motion.

Regarding the alleged factual misrepresentations, Las Americas provided further clarifying details in the Status Report and Amended Complaint.[14] And regarding the *Google v. Hood* case, Las Americas cited and discussed the case in both the Status Report and Amended Complaint.[15] To the extent Defendant relies on statements in the Original Complaint, the filing of the Amended Complaint before the end of the safe harbor period effectively withdrew the Original Complaint.[16] Thus, the Status Report and the Amended Complaint providing additional details, facts, and clarifications mooted the Motion served on October 11, 2024.[17] To date, Defendant has ignored the Amended Complaint and other materials.

While Las Americas complied with the Federal Rules, Defendant chose to ignore the spirit and the purpose of the safe harbor time period in the Federal Rules when he alerted the Court to

---

[14] *Infra* Section III(B).

[15] *Infra* Section III(C).

[16] *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010).

[17] *Barrett-Bowie v. Select Portfolio Servicing, Inc.*, 631 F. App'x 219, 221 (5th Cir. 2015); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

5

his planned Motion for Sanctions.[18] This improper presentation occurred before expiration of the safe harbor period on November 1, 2024: twice on October 22 and again on October 31.[19]

For these reasons, the Court should deny Defendant's Motion for Sanctions due to mootness and/or Defendant's failure to follow Rule 11's safe harbor provision. However, in an abundance of caution, Las Americas addresses each alleged violation further below.

### B. Defendant's grounds related to alleged factual misrepresentations are baseless.

Las Americas' factual representations have evidentiary support and do not violate Rule 11(b)(3). Indeed, both the Original Complaint and Amended Complaint were verified and contained factual representations conforming to Rule 11(b).[20] Defendant even acknowledges in the Motion that the verified factual representations could provide explanations for the alleged violations counsel manufactured from selective cherry-picked quotations.[21] Even if Defendant had identified legitimate misstatements of fact, Las Americas addressed those issues and clarified the relevant filings under Rule 11(c)(2). Even so, Defendant's arguments about the identified factual representations are the kinds of factual disputes Rule 11 is not intended to address.[22] In the Motion, Defendant offers no support for the claim that the Original Complaint is founded on "verifiably" false statements, relying instead on rhetoric and bluster to attack Las Americas. This falls far short of Defendant's burden to show such a filing was not in good faith, and as such, this Court should deny the Motion for Sanctions.

---

[18] Fed. R. Civ. P Rule 11(c)(2); *Cadle Co. v. Pratt*, 524 F.3d 580 (5th Cir. 2008) (finding that the safe harbor period is mandatory and requires strict compliance).

[19] *See* ECF Nos. 12, 13, 17.

[20] ECF No. 1-1; ECF No. 16-1.

[21] ECF No. 18 at 11 ("There may be a way to reconcile these statements, but . . . it is unclear how.").

[22] Fed. R. Civ. P. 11 advisory committee's notes on the 1993 amendments ("Rule 11 motions . . . should not be employed . . . to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.").

### 1. Las Americas' representations regarding the ongoing effect of the CID on its operations were accurate and supported.

Defendant claims that Las Americas' September 27, 2024, CID Response contradicts representations made in the Original Complaint.[23] Defendant claims factual representations regarding certain workshops and presentations, such as the "Know Your Rights" presentations, cannot be true based on Las Americas' statements in its CID response about not possessing materials responsive to the CID requests Nos. 2 and 3.[24] As discussed above, this foundational misapprehension is incorrect and cannot establish a Rule 11(b) violation.

In an effort to address Defendant's manufactured complaints and prevent burdening the Court, Las Americas provided more detail to clarify facts related to the presentations and workshops during the safe harbor period.[25] Further, Defendant points to paragraph 67 of the Original Complaint, which discussed the effects responding to the CID would have on the organization.[26] Las Americas clarified in the Amended Complaint that the effects and narrowing of the client base flow directly from Defendant's ability to enforce the CID or seek further investigations.[27] These ongoing realities for Las Americas create legitimate concerns about professional ethics rules, constitutional rights, and professional culture.[28] Las Americas further explained in the Amended Complaint that the reason these harms flow directly from the CID is

---

[23] Defendant's Motion relies on statements from the non-operative Original Complaint despite previously recognizing the Amended Complaint could affect the instant Motion. *See* ECF No. 17.

[24] ECF No. 18, at 10–11.

[25] Am. Compl. ¶¶ 9–10, 13, 47–49.

[26] ECF No. 1 ¶ 67.

[27] Am. Compl. ¶¶ 68–69.

[28] *Compare* ECF No. 1 ¶ 67, *with* Am. Compl. ¶¶ 68–69.

because of the effect the CID could have on client confidentiality and the trust that community members place in Las Americas.[29]

### 2. Las Americas' representations regarding their press appearances were accurate and supported.

Defendant alleges, "Las Americas claimed that the CID forced it to cease making media appearances, but the public record shows that is false."[30] Defendant again relies on statements in the non-operative Original Complaint, despite an Amended Complaint offering additional clarity and facts regarding the CID's effect on Las Americas' media appearances. Further, the Original Complaint did not claim the CID caused Las Americas to cease media appearances, only that Las Americas' media operations limited and curtailed its appearances and outreach as a result. As clarified in the Amended Complaint, Las Americas has declined important opportunities to do outreach, and any attendant media, on significant legal issues, but separately comments on federal lawsuits with which it is involved when appropriate.[31] And as Defendant acknowledges, "Las Americas has a right to talk to the press about whatever it wants."[32] In the first instance, the original statements were proper under Rule 11(b), despite Defendant's deliberate misinterpretation; furthermore, Las Americas filed the Amended Complaint to address Defendant's claims during the safe harbor period.

Accordingly, Las Americas' factual contentions have evidentiary support and do not violate Rule 11.

---

[29] *Id.*

[30] ECF No. 18, at 12.  Defendant's claim about Las Americas "ceasing" media appearances lacks support in the record and appears to be another instance of selective interpretation of Las Americas' filings.

[31] Am. Compl. ¶ 19, 81.

[32] ECF No. 18, at 12.

### 3. Las Americas' representations regarding the ongoing threats to organizational health were accurate and supported.

Defendant claims Paragraph 48 in Las Americas' Original Complaint contained misrepresentations about the burden of compliance with the CID and the threat to organizational health the CID represents.[33] As discussed above, Defendant's complaints and alleged violations were addressed in the Amended Complaint.[34] Additionally, Defendant's arguments, which rely heavily on the limited response to the CID, are flawed.

First, Defendant points only to the actual CID Response and ignores the significant effort required to arrive at those results. Defendant's subjective (and irrelevant) page comparison of the response to Las Americas' initial case filings demonstrates nothing other than Defendant's ability to count. The CID Response does not communicate or reflect the efforts undertaken to evaluate the CID, review Las Americas' client records, and efforts to employ outside counsel for legal advice.[35] "Once served with the CID, [Las Americas'] directors were forced to focus on obtaining counsel, addressing concerns from staff and the Board of Directors, designing action plans for addressing the CID with clients, and crafting new policies for adjusting the ways in which staff conduct public advocacy and for media requests."[36] Additionally, Las Americas has "attempted to contact the clients whose information was the subject of the CID to advise of the investigation and potential disclosure of their confidential documents" and has had to alert "several of its grantors and donors about the CID."[37]

---

[33] ECF No. 18, at 12–13.

[34] Am. Compl. ¶¶ 48, 50, 53, 56.

[35] Am. Compl. at 3; Status Report at 2.

[36] Am. Compl. ¶ 54.

[37] Am. Compl. ¶¶ 51, 71.

Second, the limited results of the search do not undermine the threat to Las Americas or the harm to its First Amendment rights.[38] As clarified in the Amended Complaint and Status Report, the lawsuit focuses on the ongoing threat to Las Americas' operations and the chilling effect Defendant's actions have had on Las Americas' advocacy and work. To date, Defendant has made no reply at all to Las Americas' CID response, concentrating efforts instead on this baseless Motion for Sanctions. This silence only serves to reinforce Las Americas' concerns and self-censorship caused by the investigation and looming potential enforcement actions.[39] At any time, Defendant could initiate enforcement proceedings or issue additional CIDs.[40] Accordingly, Las Americas' factual representations regarding the effects of the CID and its potential enforcement on its organizational health are well founded.

    **C.**    **Las Americas disclosed and distinguished *Google v. Hood*, which Defendant blatantly ignores.**

In the most blatant instance of deliberate blindness, Defendant continues to claim in its Motion that Las Americas failed to disclose *Google v. Hood*.[41] The Status Report and Amended Complaint clearly and prominently address *Google v. Hood* and detail why it is distinguishable from the present case.[42] Defendant cites numerous cases standing for the proposition that failure to cite precedent is a basis for sanctions.[43] Since Las Americas has cited and distinguished *Google v. Hood* in the amended pleadings, these cases do not apply.[44] This is especially true given Las Americas' inclusion of the citation in the Status Report and Amended Complaint as a corrective

---

[38] Status Report at 3–7.

[39] *Id.*

[40] *Id.*

[41] ECF No. 18, at 13–15.

[42] Status Report at 11–13; Am. Compl. ¶ 81.

[43] ECF No. 18 at 13–14, 15.

[44] *Contrast id.*

10

measure during the safe harbor period.[45,46] Defendant's complete disregard for Las Americas' corrective efforts further demonstrates the baseless nature of his Motion.

### D. Defendant has not established sanctions are warranted.

Defendant has the burden to demonstrate that sanctions are warranted, and he has not and cannot meet that burden.[47] As discussed above, Las Americas' statements and arguments did not violate Rule 11(b), especially after the efforts it undertook during the safe harbor period to address Defendant's manufactured accusations. Yet, Defendant continues to premise the Motion on misstatements of the record and totally disregards Las Americas' Status Report and Amended Complaint. Despite Defendant's arguments, sanctions are not warranted here as: (1) the filings in this case are being presented for proper purposes; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) and the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. Accordingly, Las Americas respectfully maintains no sanctions should be considered, and the Court should deny the Motion for Sanctions.

---

[45] *Id.*

[46] Defendant's representation that *Google v. Hood* is binding is also not entirely accurate considering potential abrogation by *Knick v. Township of Scott*, 588 U.S. 180, 184–85 (2019). Defendant knew of this potential abrogation yet failed to present it to the Court. *See Jolt Initiative, Inc. v. Paxton*, 1:24-cv-01089, ECF No. 20 (W.D. Tex. Oct. 11, 2024).

[47] *Hudnall v. Texas*, 2022 WL 2906506, at *3 (W.D. Tex. July 21, 2022) (citing *Ryser v. McConnell*, 2020 WL 10055658, at *2 (W.D. Tex. 2020)).

### III. CONCLUSION

This sanctions motion addresses a reality Defendant wishes existed, but does not. In response to the motion Defendant served, Las Americas amended its pleading to clarify certain factual assertions and allegations, as it is absolutely entitled under Rule 11 to do. To avoid any doubt, the Status Report added additional clarifying detail. Consequently, the motion as filed lacks merit and should be denied.

Dated: November 18, 2024

*/s/ Thomas M. Melsheimer*
Thomas M. Melsheimer (13922550)
Scott C. Thomas (24046964)
Michael A. Bittner (24064905)
Ashley J. Wright (24100390)
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Telephone: (214) 453-6500
tmelsheimer@winston.com
scthomas@winston.com
mbittner@winston.com
ajwright@winston.com

and

*/s/ Erin D. Thorn*
Erin D. Thorn (State Bar No. 24093261)
Daniel Hatoum (State Bar No. 24099136)
Kassandra Gonzalez (State Bar No. 24116439)
**TEXAS CIVIL RIGHTS PROJECT**
P. O. Box 17757
Austin, Texas 78760
(512) 474-5073 ext. 182
(512) 474-0726 (fax)
aron@texascivilrightsproject.org
daniel@texascivilrightsproject.org
kassandra@texascivilrightsproject.org

Travis Walker Fife (State Bar No. 24126956)
**TEXAS CIVIL RIGHTS PROJECT**
P.O. Box 1108
Houston, TX 77251
(832) 971-8984 ext. 186
(832) 554-9981 (fax)
travis@texascivilrightsproject.org

*Counsel for Las Americas Immigrant Advocacy Center*

13

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing document has been served on counsel of record, who are deemed to have consented to electronic service, on November 18, 2024, via electronic filing using the Court's CM/ECF system.

                                                          /s/ *Ashley J. Wright*